# MEYER SUOZZI

Hanan B. Kolko

Meyer, Suozzi, English & Klein, P.C.
1350 Broadway, Suite 501
P.O. Box 822
New York, New York 10018-0026
Direct Dial: 212-763-7017   Office: 212-239-4999
Fax: 212-239-1311
hkolko@msek.com
www.msek.com

September 5, 2017

*Via ECF*
Honorable John G. Koeltl
United States District Judge
United States District Court for the
Southern District of New York
United States Court House
500 Pearl Street, Room 12 B
New York, New York  10007

      Re:    Riordan v. Alberto Garces, President AFGE Local
                3369 and American Federation of Government Employees,
                AFL-CIO, 17-CIV-4888 (JGK)

Honorable Judge Koeltl:

      Along with AFGE Assistant General Counsel Martin R. Cohen, we represent defendant American Federation of Government Employees, AFL-CIO, ("AFGE") in this case.  On behalf of AFGE, and pursuant to Rule 2(B) of Your Honor's Individual Practices, we write to request a pre-motion conference in connection with an anticipated motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").[1]

      AFGE is a national union with approximately 1,000 affiliated locals.  The pro se Complaint in this matter alleges that defendant AFGE Local 3369 ("Local") refused to allow plaintiff Riordan, one of its members, to review the Local's books and records.  The Complaint should be dismissed against AFGE because it alleges no wrongdoing on AFGE's part, and seeks no relief against AFGE.  Instead, the Complaint alleges only that the Local violated plaintiff's rights, and seeks relief only as against the Local.

      The Complaint's "Statement of Claim" asserts that (a) in March 2017, plaintiff demanded "to review the financial records of AFGE Local 3369 for the year 2016," (b) plaintiff had made earlier requests "to review the financial records of the Local," (c) plaintiff sought to review Local records because "the local had refused to disclose the local's income and expenditures . . . as required by its Constitution," and because the Local withdrew its money from the bank it had used for over thirty years and (d) while the Local allowed plaintiff to review some records, it did not allow him the complete review he sought.  The only relief plaintiff seeks is to be allowed to review the Local's financial records.

---

[1] We ask that this conference be held after September 19, 2017, to accommodate Mr. Cohen, who will out on vacation until then.

| ALBANY | GARDEN CITY | WASHINGTON, D.C. |
| --- | --- | --- |
| One Commerce Plaza | 990 Stewart Avenue, Suite 300 | 1300 Connecticut Avenue, N.W. |
| Suite 1705 | P.O. Box 9194 | Suite 600 |
| Albany, New York 12260 | Garden City, New York 11530-9194 | Washington, DC 20036 |
| Tel: 518-465-5551 I Fax: 518-465-2033 | Tel: 516-741-6565 I Fax: 516-741-6706 | Tel: 202-496-2103 I Fax: 202-223-0358 |

Honorable John G. Koeltl
September 5, 2017
Page 2

The Complaint refers to and attaches a March 5, 2017 letter.  That letter asserts that plaintiff has "just cause to examine the union books" pursuant to "29 U.S.C.A. 431 (Section 201 LMRDA)."[2]  "While a union member may prevail against a local union under the LMRDA if the local union violated one of his enumerated rights, he may prevail against the international only if the international ratified the local union's violation."  Doro. v. Sheet Metal Workers Ass'n, 498 F.3d 152, 156 (2d Cir. 2007).  As the Complaint fails to allege any wrongful conduct by AFGE, and fails to allege that AFGE ratified any wrongful conduct by the Local, it must be dismissed as to AFGE.

Plaintiff doesn't allege that AFGE has control over or possession of the Local's books and records.  He doesn't allege that AFGE ratified or authorized the Local's conduct.  Indeed, the Complaint alleges no improper action of any sort by AFGE.  Thus, AFGE asks permission to file a motion to dismiss the Complaint pursuant to FRCP 12(b)(6), because, on its face, the Complaint states no claim against AFGE.

Dismissal will not deprive plaintiff of a forum to resolve his issues with the Local.  As a member of Local 3369, a union representing only federal employees, Mr. Riordan is subject to Title VII of the Civil Service Reform Act, ("CSRA") 5 U.S.C. §7101-7135.  CSRA §7120 provides a "bill of rights" for union members analogous to the LMRDA "bill of rights."  However, to remedy a CSRA §7120 violation, plaintiff must file a complaint with the Secretary of Labor.  5 U.S.C. §7120(d).  "Neither the statute nor its implementing regulations . . . create a cause of action in district court."  Celli v. Shoell, 40 F.3d 324, 327 (10th Cir. 1994).  Thus, to the extent that plaintiff is unhappy with the conduct of Local 3369, he may pursue that claim administratively.  However, as he has no claim against AFGE, AFGE respectfully requests permission to file a motion to dismiss pursuant to FRCP Rule 12(b)(6).

Respectfully Submitted,

Hanan B. Kolko

HBK:ptp

Cc:    Joseph Canavo, Counsel for AFGE Local 3369 *(via e-mail and first class mail)*
       John Riordan, Pro Se *(via e-mail and first class mail)*
       Martin R. Cohen, Esq. *(via e-mail and first class mail)*

---

[2] The Labor Management Reporting and Disclosure Act is often referred to as the LMRDA.